```
              UNITED STATES DISTRICT COURT
                       FOR THE
                  DISTRICT OF VERMONT
```

David Papazoni,                 :
        Plaintiff,               :
                                :
    v.                          :    File No. 2:05-CV-118
                                :
Jo Anne B. Barnhart,             :
Commissioner, Social             :
Security Administration,         :
        Defendant.               :

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Paper 10)

Plaintiff David Papazoni, proceeding *pro se*, brings this action appealing the decision of the Social Security Administration with respect to his claim for benefits. Papazoni's claim was dismissed because he failed to appear at the hearing on his claim, and failed to show good cause for his absence. Commissioner Jo Anne B. Barnhart ("Commissioner") has moved to dismiss the complaint, arguing that because the claim was dismissed on procedural grounds, there has been no "final decision" under the Social Security Act, 42 U.S.C. § 405(g). (Paper 10). The motion is unopposed. For the reasons set forth below, I recommend that the motion to dismiss be GRANTED.

Factual Background

Papazoni's amended complaint makes clear that the

nature of his claim is under the Social Security Act, and that he is appealing a decision of the Commissioner. (Paper 9).  The factual allegations in the amended complaint, however, are not clearly stated.  The Court therefore relies primarily upon the Commissioner's motion, the attached declaration of Social Security Administration employee Jean-Claude Aumont, and the Commissioner's exhibits for factual background.  (Paper 10).

On April 30, 2001, Papazoni applied for disability insurance and supplemental security income benefits. Although he initially stated his onset date as September 30, 2000, he subsequently changed the onset date to September 30, 1985.  On August 31, 2001, the state agency determined that Papazoni was disabled as of September 30, 2000.  In reaching its decision, the state agency found that Papazoni had earnings that exceeded the substantial gainful activity level from December 1998 through April 1999, and from April 2000 through August 2000.  This finding was affirmed after reconsideration on October 30, 2002.

On November 15, 2002, Papazoni requested a hearing

before an Administrative Law Judge ("ALJ").  The hearing was initially scheduled for April 29, 2003, but was rescheduled to August 21, 2003 so that Papazoni could retain counsel.  The hearing was held as scheduled.  After the hearing, it was determined that the tape recording of the hearing was defective.  Consequently, a new hearing was scheduled.

By notice dated April 28, 2004, Papazoni was informed that the new hearing would be held on May 21, 2004, and that a failure to appear could result in the dismissal of his claim.  Papazoni did not appear at the hearing.  On June 1, 2004, the ALJ wrote to Papazoni and asked him to show good cause for his failure to appear.  In a letter dated June 12, 2004, Papazoni apologized for the "inconveniences this has created," and provided information about his current work status and efforts to obtain certain records.  On July 12, 2004, the ALJ issued a "Notice of Dismissal" stating that the case was being dismissed because Papazoni had not provided "a credible reason for his failure to notify or attend."

On July 19, 2004, Papazoni asked the Appeals Council to review the dismissal order.  On March 7, 2005, the

Appeals Council determined that there was "no reason under our rules to review the Administrative Law Judge's dismissal," and denied Papazoni's request.  Papazoni filed his complaint in this case on May 9, 2005, seeking review of the dismissal of his claim.  (Paper 5).[1]

## Discussion

### I.  Motion to Dismiss Standard

The Commissioner has moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.  Specifically, the Commissioner argues that a ruling on a procedural default does not constitute a "final decision" under the Social Security Act, and therefore cannot be reviewed by this Court.  Under Rule 12(b)(1), the court must accept as true all material factual allegations in the complaint, but will not draw inferences favorable to the party asserting jurisdiction.  See Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998); Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992).  The Court may also look to evidence outside the

---

[1]  As noted previously, Papazoni has also filed an amended complaint (Paper 9).  The only difference between the original complaint and the amended complaint is a two-page attachment which appears to be a request to the Social Security Administration for documents.

4

pleadings, including affidavits.  See United States v. Vasquez, 145 F.3d 74, 80 (2d Cir. 1998).

II.  Subject Matter Jurisdiction

The Social Security Act provides for federal jurisdiction over administrative decisions in limited circumstances.  The Act states that

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).  The term "final decision" is not defined in the statute.  See Weinberger v. Salfi, 422 U.S. 749, 766 (1975) (holding that definition of the term "final decision" has been "left to the [Commissioner] to flesh out by regulation").  Under the regulations set forth by the Commissioner, the administrative process for Social Security claims is exhausted when the Appeals Council has either denied a request for review or granted the request and issued its own opinion.  20 C.F.R. § 404.981, § 416.1481.

The Commissioner argues that there is no "final

decision" in this case because there was no reviewable hearing, as required by § 405(g), and the dismissal of Papazoni's claim was based upon a procedural ruling. In Dietsch v. Schweiker, 700 F.2d 865, 867 (2d Cir. 1983), the Second Circuit stated that "[t]he Appeals Council may dismiss an untimely request for review . . . and such a dismissal is not reviewable because it is not a 'final decision' within the meaning of § 405(g)." (Citations omitted). Lower courts in this circuit have interpreted Dietsch as standing for the proposition that "Section 405(g) [confers] jurisdiction only to review the SSA's merit-based decisions following actual hearings, not SSA's procedural decisions reached without a hearing." Tineo v. Barnhart, 2002 WL 31163889, at *2 (S.D.N.Y. Sept. 30, 2002); see also Urena v. Comm'r of Social Security, 2003 WL 21702285, at *2 (S.D.N.Y. July 23, 2003). "Therefore, when a plaintiff's claim is 'dismissed on the procedural ground of failure to appear, [he] cannot invoke Section 405(g) jurisdiction' to review the decision." Urena, 2003 WL 21702285, at *2 (quoting Tineo, 2002 WL 31163889, at *2); but see Bellantoni v. Schweiker, 566 F. Supp. 313, 315 (E.D.N.Y. 1983).

The majority of federal courts have reached this same conclusion in factually similar cases.  See Doe v. Secretary of Health & Human Servs., 744 F.2d 3 (1st Cir. 1984); Adams v. Heckler, 799 F.3d 131 (4th Cir. 1986) (refusal to consider untimely request for review was not final decision on the merits subject to judicial review) (citing cases); Eastman v. Barnhart, 2002 WL 1303017, at *3 (D. Me. June 12, 2002) (cases holding otherwise are in "the distinct minority of reported decisions by federal courts").  In Doe, the plaintiff's case had been dismissed after he failed to appear for a hearing and failed to submit, in the opinion of the ALJ, an adequate explanation for his absence.  744 F.2d at 4.  The First Circuit held that this sort of decision was not "the type of final decision Congress intended routinely to subject to judicial review."  Id.  "'[F]inal decision of the Secretary' generally means 'the initial *substantive* decision of the Secretary on the benefits claim.'"  Id. (quoting Rios v. Secretary of Health, Education and Welfare, 614 F.2d 25, 26 (1st Cir. 1980)) (emphasis added).

Courts have also recognized that there are

circumstances in which social security claims may be reviewed despite a lack of jurisdiction under § 405(g). See Dietsch, 700 F.2d at 867-68; Urena, 2003 WL 21702285, at *2.  For example, a court may take jurisdiction when a constitutional challenge has been presented.  See Weinberger, 422 U.S. at 767; Califano v. Sanders, 430 U.S. 99, 109 (1977).  A court may also exercise mandamus jurisdiction, pursuant to 28 U.S.C. § 1361, when (1) the plaintiff has a right to have the act at issue performed, (2) the defendant is under a clear non-discretionary duty to perform the act required, and (3) the plaintiff has exhausted all other avenues of relief.  See Dietsch, 700 F.2d at 868;  Urena, 2003 WL 21702285, at *2 (citing City of New York v. Heckler, 742 F.2d 729, 739 (2d Cir. 1984)).

In this case, Papazoni does not claim that his constitutional rights have been violated.  Nor has he identified a non-discretionary duty that might entitle him to a writ of mandamus.  Instead, Papazoni merely disagrees with the ALJ's decision, and asks this Court to review the ALJ's alleged "abuse of discretion."  (Paper 9 at 2).  This sort of claim does not present the type of

"limited circumstance" that allows a court to take jurisdiction despite the lack of a final decision as required by § 405(g).

In keeping with relevant decisions in this circuit and the majority of federal courts nationwide, this Court should conclude that the Commissioner's decision in this case was of a purely procedural nature, and therefore did not constitute a "final decision" under § 405(g). Because this case does not qualify for an exercise of jurisdiction beyond that expressly granted by § 405(g), the Court should dismiss Papazoni's complaint for lack of subject matter jurisdiction.  Consequently, I recommend that the Commissioner's motion to dismiss be GRANTED and this case be DISMISSED.

### Conclusion

For the reasons set forth above, I recommend that the Commissioner's motion to dismiss (Paper 10) be GRANTED, and that this case be DISMISSED.

Dated at Burlington, in the District of Vermont, this 14th day of November, 2005.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).